UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NATHAN HAMMONDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-00641-TWP-DML |
| ) | |
| M. ISSACS, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER SCREENING AND DISMISSING COMPLAINT
AND PROVIDING OPPORTUNITY TO AMEND**

Plaintiff Nathan Hammonds, an Indiana Department of Correction (IDOC) inmate at New Castle Correctional Facility (New Castle), filed his complaint pursuant to 42 U.S.C. § 1983. Dkt. 1. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiffs

are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. The Complaint

Mr. Hammonds names Nurse Issacs, Dr. John Nwannuau, and Correctional Officer Durbin, along with GEO Group, Inc., and Wexford Health in his complaint. Dkt. 1. Mr. Hammonds alleges that on June 14, 2020, he was sexually assaulted by another inmate while he was in the shower. *Id.* at 5.

After the assault, Mr. Hammonds wanted lab testing to be conducted by New Castle medical staff. *Id.* at 6. He alleges his labs were scheduled for July 29, 2020, but these could not be completed because there was no work order for them. *Id.* He was scheduled to see Dr. Nwannuau, who refused to fulfill the necessary work order because the doctor told him there was no note in the computer about the assault. *Id.* He claims that Nurse Issacs incorrectly noted in the computer "that nothing physical had taken place instead of there was no visible physical injury." *Id.* Again on October 27, 2020, Mr. Hammonds requested labs and another doctor emailed Wexford about them, but no other action was taken. *Id.*

When Mr. Hammonds told a different nurse about the assault, immediate action was taken, and he received lab testing n November 2, 2020, five months after his assault. *Id.* Mr. Hammonds states his throat was swollen, the assault caused him humiliation, and he did not see medical until several weeks after the assault happened. *Id.* He seeks monetary damages. *Id.*

## III. Discussion

Mr. Hammonds necessarily brings this action pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person

acting under color of state law." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (internal quotation omitted).

The Court liberally construes Mr. Hammonds' claim to be that the defendants were deliberately indifferent to his needs in violation of his Eighth Amendment rights. Dkt. 1 at 13. To prevail on an Eighth Amendment deliberate indifference claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed, but disregarded that risk. *Id.* at 837; *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). Deliberate indifference in this context is "something akin to recklessness." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

For the reasons explained below, the allegations in the Mr. Hammonds' complaint do not state a claim upon which relief may be granted, and the complaint must be dismissed.

### A. Individual Liability

Mr. Hammonds names Officer Durbin in his list of defendants, but his complaint is void of any allegations of wrongdoing by Officer Durbin. Dkt. 1. "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. . . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Accordingly, Mr. Hammonds' claims against Officer Durbin are dismissed.

### B. GEO Group, Inc. and Wexford Health Claims

Mr. Hammonds names both GEO Group, Inc. and Wexford Health entities in his complaint. These entities are not automatically liable under 42 U.S.C. § 1983 for the failings of their employees. To state a § 1983 damages claim against these entities, Mr. Hammonds must allege that their policies, practices, or customs caused a constitutional violation. *See, e.g., Simpson v. Brown County*, 860 F.3d 1001, 1005-6 (7th Cir. 2017) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)). The complaint is too vague for the Court to infer such claims, and thus, the complaint is dismissed against these defendants.

### C. Claims Against Nurse Issacs and Dr. Nwannuau

Mr. Hammonds names these individuals of the medical staff. First, he claims that Dr. Nwannuau did not complete the lab work as needed, but he also states that this was because there was no note in the computer about his assault. Dkt. 1. Second, he claims that Nurse Issacs typed the note incorrectly when she stated that "nothing physical" occurred rather than stating "there was no visible physical injury." *Id.* Mr. Hammonds includes an exhibit to his complaint, a notification of the outcome of his sexual assault allegation, and it was determined that his claim of assault by another inmate was substantiated. Dkt. 1-1. He admits that though delayed, he did receive lab work, and the results were clear. *Id.*

For an inmate to state a claim under § 1983, for medical mistreatment or the denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference exists when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (construing *Estelle*).

Mr. Hammonds' allegations do not meet this standard to assert a claim. First, he does not allege that Dr. Nwannuau was aware of an excessive risk to him and disregarded that risk—rather, he asserts the opposite—that the doctor did not have information about his assault to fulfill a work order for lab testing. Similarly, he has not alleged that Nurse Issacs' incorrect notation in the system about his assault and injury rose to the level of the nurse being aware of an excessive risk and disregarding such risk. The allegations in Mr. Hammonds' complaint are too vague to infer that these defendants were deliberately indifferent. Moreover, Mr. Hammonds has not shown that he was negatively impacted by the delay in lab work, as he admits to later receiving testing and that the results showed no medical issues. Accordingly, these claims are dismissed.

**D. State Law Claims**

To the extent that Mr. Hammonds intends to raise negligence claims against the defendants, these claims fail because, having dismissed Mr. Hammonds' federal claims, the Court lacks subject matter jurisdiction to consider these supplemental state law claims. *See Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003) (explaining federal courts may exercise federal-question jurisdiction when a plaintiff's right to relief is created by or depends on a federal statute or constitutional provision); *Dalton v. Teva North America*, 891 F.3d 697, 690 (7th Cir. 2018) (diversity jurisdiction requires complete diversity among the parties). Thus, these claims are dismissed.

**IV. Opportunity to Amend and Pending Motion to Change Relief in Complaint [Dkt. 18]**

The dismissal of the plaintiff's complaint will not lead to dismissal of the action at present. Instead, Mr. Hammonds shall have **through December 1, 2021, to amend his complaint** to cure the deficiencies as outlined by the Court above.

An amended complaint will completely replace the original complaint. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation that Mr. Hammonds wishes to pursue in this action and identify which defendants are responsible for each alleged constitutional violation. It must also have the proper case number, 1:21-cv-00641-TWP-DML, and the words "Amended Complaint" on the first page.

If Mr. Hammonds files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If he fails to do so, this action will be dismissed without further notice for failure to state a claim upon which relief can be granted.

Since Mr. Hammonds has been provided with an opportunity to amend his complaint, his pending motion to change relief in his complaint, dkt. [18], is **denied as moot**. Mr. Hammonds can state the relief he seeks completely and accordingly in his amended pleading.

**IT IS SO ORDERED.**

Date: 11/2/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

NATHAN HAMMONDS
271305
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362